RICHARD JAMES WELK    G25763
Name and Prisoner/Booking Number
CALIFORNIA MEDICAL FACILITY
Place of Confinement
P.O. BOX 2000
Mailing Address
VACAVILLE, CA.   95696
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**

**Feb 23, 2022**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JAMES WELK
(Full Name of Plaintiff)
        Plaintiff,

v.

(1)   CA. DEPT. OF CORRECTIONS
(Full Name of Defendant)
(2)   et al.

(3)

(4)
        Defendant(s).
☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-cv-351-KJN (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

JURY TRIAL DEMANDED
☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    - ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    - ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    - ☐ Other: _____

2.  Institution/city where violation occurred:   CSP Solano, Vacaville CA.

DEFENDANTS - continued from page 1

1) Robert Mayes

2) Mejorado

3) Wayne Scott

4) Nonato Largoza

5) Christy Page

6) D. Blackwell

1 A

## B. DEFENDANTS

1. Name of first Defendant: _CA. DEPT. OF CORRECTIONS_. The first Defendant is employed as:
   _____ at _____.
   (Position and Title)                                    (Institution)

2. Name of second Defendant: _Robert Mayes_. The second Defendant is employed as:
   _M.D., Primary Care Provider (PCP)_ at _CSP Solano_.
   (Position and Title)                                    (Institution)

3. Name of third Defendant: _Mejorado_. The third Defendant is employed as:
   _Correctional Officer_ at _CSP Solano_.
   (Position and Title)                                    (Institution)

4. Name of fourth Defendant: _Wayne Scott_. The fourth Defendant is employed as:
   _M.D., PCP_ at _CSP Solano_.
   (Position and Title)                                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?     ☒ Yes     ☐ No

2. If yes, how many lawsuits have you filed? _2_. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _Richard Welk_ v. _CDCR, et al_
      2. Court and case number: _U.S. Dist.-Eastern, CA. 2:18-cv-03008-MCE-AC_.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _Settled_
         _____.

   b. Second prior lawsuit:
      1. Parties: _Richard Welk_ v. _CDCR_
      2. Court and case number: _U.S. Dist.-Eastern, CA. 1:21-cv-01494_.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _Settled_
         _____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

1        Section B: DEFENDANTS  continued from page 2

2  5) Nonato Largoza - Chief Physician and Surgeon at SOL

3  6)Christy Page - LVN at SOL

4  7) D. Blackwell - Lieutenant/ADA at SOL

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                2 A
27

28

## D.  CAUSE OF ACTION

### CLAIM I

1.   State the constitutional or other federal civil right that was violated: Eighth Amendment right to freedom from cruel and unusual punishment
.

2.   **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities        ☐ Mail            ☐ Access to the court      ☐ Medical care

☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion      ☐ Retaliation

☐ Excessive force by an officer   ☐ Threat to safety   ☒ Other: Deliberate Indifference
.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

FRCP 8(a)2: Defendants tortured Plaintiff by depriving him of his necessary ADA assistance devices for extensive periods of time, forcing him to fall, inflicting unnecessary pain and injury.
FACTS: Plaintiff was transported in wheelchair to CSP Solano (SOL) on 10/4/17. Upon arrival intake nurse Bassi provided Plaintiff with a wheelchair to accommodate his permanent disability (Plaintiff has severe orthopedic lower extremity issues which make ambulation/weight-bearing excrutiatingly painful) - then scheduled a PCP appointment for Plaintiff to request the 4-wheeled walker of which he had been deprived at previous institution. At this 10/10/17 appointment, however, defendant Robert Mayes (PCP) pointedly ignored this request ( i.e. disregarded Plaintiff's need for specific ADA accommodation and refused to refer to Plaintiff's medical file which established that need), simply told Plaintiff that he "couldn't have the wheelchair", removed it, and handed Plaintiff a cane. When Plaintiff repeatedly insisted he could not safely ambulate with a cane, Mayes again disregarded the serious risk to Plaintiff's health,

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Plaintiff suffered permanent physical injury to his back from multiple falls, endured unnecessary infliction of pain both physical and psychological, from persistent deliberate indifference
.

5.   **Administrative Remedies:**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                            ☒ Yes   ☐ No

b.   Did you submit a request for administrative relief on Claim I?                    ☒ Yes   ☐ No

c.   Did you appeal your request for relief on Claim I to the highest level?          ☒ Yes   ☐ No

d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

CLAIM 1 - Supporting facts, continued from page 3

ignored his complaints and supporting medical records, then stated "We're done here." Thus dismissed, Plaintiff hobbled on cane to a nearby chair in the clinic and waited while C.O. Webster called for an IDAP (ADA) worker with a wheelchair to transport Plaintiff back to his housing unit, where Plaintiff was again forced to suffer unnecessary pain and fall risk every time he needed to ambulate from bed to toilet area, water source, etc. That same day, housing officers Beyer and Pavlioglo told Plaintiff they had observed and logged his extreme difficulty attempting to ambulate on the cane, and Plaintiff filed an **EMERGENCY 1824** (ADA reasonable accommodation request) explicitly detailing his fall risk situation and urgent need for the 4-wheeled walker - but there was no response. Consequently, Plaintiff fell on 11/1/17, injuring his back. He was taken to TTA where Dr. Bentley ordered Xrays (confirming injury) and ordered the specific walker Plaintiff needed. However, Plaintiff was not **provided** this walker until 11/7/17 at the clinic where, ay the scheduled follow-up appointment (RE: Plaintiff's fall incident) later that day, defendant Mayes saw the walker, told Plaintiff "You can't have that, I didn't order that!" and then removed it, again handing Plaintiff a cane despite awareness of the fact that Plaintiff had fallen and injured his back from being forced to ambulate on the cane alone. As a result, Plaintiff fell again trying to leave the exam room, whereupon Mayes remained deliberately indifferent to Plaintiff's medical needs - i.e. providing him no adequate pain medication despite the recent back

3 A

CLAIM 1 - Supporting facts, continued from 3 A

injury, and no safe accommodation, even after (as documented in his notes) having witnessed this last fall AND the fact that Plaintiff had to be transported in wheelchair in order to get safely back to his housing. Plaintiff filed EMERGENCY 602 that day, detailing Mayes' deliberate indifference and requesting relief. On 11/14/17 Plaintiff fell again trying to function under these inhumane conditions, and was taken to TTA where Dr. Chen ordered no Xrays, but did provide Plaintiff with the requested 4-wheel walker. On 11/17/17, however, Mayes again removed the walker despite Plaintiff's documented falls, pain, injury and obvious disability, and actually began childishly mocking Plaintiff's anguish and expressed need for safe accommodation (Mayes' Progress Notes from this encounter also reflect an egregious, contrary determination of "no apparent danger or risk of fall/injury"). Further, after Plaintiff was deprived of his walker this time, defendant Mejorado refused to call for an IDAP worker to safely transport Plaintiff back to his housing, and ordered Plaintiff to return to his housing using only the cane, despite Plaintiff's insistence that he could not safely do so due to disability. Thus, Plaintiff fell again just outside clinic and was taken to TTA. Here, Plaintiff was seen by defendant Wayne Scott, who denied Plaintiff any accommodation despite the now clearly established risk of further substantial harm. Significantly during this "evaluation", defendant Nonato Largoza was observed instructing Scott in procedure and in possession of plaintiff's overdue 1824 RAP (reasonable accommodation

3 B

CLAIM 1 - Supporting facts, continued from 3 B

panel) response. Plaintiff was then transported back to housing in wheelchair and again left to struggle on cane alone, his already severe disability now exacerbated by the multiple falls, resultant back trauma and consistent denial of even remotely adequate pain treatment. Accordingly, Plaintiff fell again on 11/25/17, and this time the medical responder - defendant Christy Page - refused to transport Plaintiff to TTA for exam/evaluation by a doctor, thus denying him even the opportunity to obtain safe accommodation, and telling Plaintiff, despite awareness of the multiple fall incidents, that he would "Just have to keep functioning the way you've been functioning." On 11/30/17 Plaintiff filed a 602 complaint that he had not received a response to his EMERGENCY 1824 (due 11/15/17), and that he had fallen five times due to lack of accommodation. When Plaintiff then finally got this response four days later, he discovered that on 10/18/17 ; a) Defendant D. Blackwell had marked NO on the IAP worksheet section which asked if Plaintiff had claimed any fall risk issues (which Plaintiff clearly had on the 1824), and b) Defendant Largoza had written "Anticipated date to be seen 10/10/17" ... clearly confirming that the 1824 had been utterly disregarded, and c) that ultimate disapproval of the 1824 had been based on this deliberate indifference. At PCP visit on 12/5/17 Plaintiff was again denied safe accommodation request by Mayes, who actually stated (in front of C.O. Webster) that denial was "because you're doing just fine on your cane, but DON'T FALL HERE, that's not fair to me, I've got work to do." Thus denied, Plaintiff

3 C

CLAIM 1 - Supporting facts, continued from   3 C
fell again on 12/11/17, sustaining additional injury to his back
(thoracic area), and was taken to TTA where Dr. Mo finally provided
wheelchair accommodation. Plaintiff was ultimately provided with
permanent wheelchair accommodation and permanent ADA designation of
DPO, which compelled mandatory transfer to DPP institution, however
Mayes maintained deliberate indifference to Plaintiff's repeated
complaints of severe back pain right up to the day Plaintiff was
transferred on 2/28/18.

3 D

**CLAIM II**

1. State the constitutional or other federal civil right that was violated: __Title II ADA__

2. **Claim II.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: __Discrimination__

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   FRCP 8 (a)2: Plaintiff was discriminated against because of his established disability - through failure to accommodate, deliberate indifference. FACTS: Plaintiff is a qualified individual within the meaning of ADA, with a record of permanent disability and significant mobility impairment since 1995. At CSP Solano (SOL) - as set forth in CLAIM 1 - CDCR was put on notice as to Plaintiff's lack of necessary accommodation when Plaintiff filed EMERGENCY 1824 on 10/10/17 (# CSP-S-17-02427), and Plaintiff was discriminated against as follows; Defendant Mayes repeatedly refused to provide Plaintiff with his necessary accommodation going so far as to remove it when provided by other doctors and despite having acknowledged that Plaintiff had fallen multiple times and sustained injury due to its lack. Defendants Blackwell and Largoza deliberately disregarded Plaintiff's 1824 Reasonable Accommodation request, perpetuating violation. (See CLAIM 1 @ p.3C, 1 12-23) Defendants Scott and Largoza were also deliberately indifferent to Plaintiff's ADA rights, refusing him interim accommodation despite awareness of fall incidents, and defendant Mejorado for causing one of those falls, Christy Page for denying opportunity to get accommodation.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Plaintiff was physically injured by Defendant deliberate indifference to his ADA rights as described above (and in CLAIM 1). Plaintiff adds emotional injury from the discrimination.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Plaintiff is seeking $100,000.00 in Punitive damages (Nominal, compensatory and/or whatever else this Court may deem fit) for pain, suffering, injury and violation by defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___February 20, 2022___
               DATE

_Richard J Welk_
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.