1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

RICHARD JAMES WELK,

No. 2: 22-cv-0351 KJN P

12

Plaintiff,

13

v.

ORDER

14

CDCR, et al.,

15

Defendants.

16

17    Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18  § 1983.  Plaintiff paid the filing fee.

19    The court is required to screen complaints brought by prisoners seeking relief against a

20  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

22  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

23  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

24    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

25  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

26  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

27  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

28  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

1  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

2  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

3  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

4  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

5  1227.

6          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

7  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

10 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

11 formulaic recitation of the elements of a cause of action;" it must contain factual allegations

12 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

13 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

14 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

15 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

16 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

17 true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

18 pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

19 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

20         Named as defendants are the California Department of Corrections and Rehabilitation

21 ("CDCR"), Dr. Robert Mayes, Correctional Officer Mejorado, Dr. Wayne Scott, Nonato Largoza,

22 Christy Page and D. Blackwell.  Plaintiff seeks money damages.

23         *Claim One*

24         In claim one, plaintiff alleges violation of his Eighth Amendment right to adequate

25 medical care.

26         Generally, deliberate indifference to a serious medical need presents a cognizable claim

27 for a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

28 Estelle v. Gamble, 429 U.S. 97, 104 (1976.)  According to Farmer v. Brennan, 511 U.S. 825, 947

2

(1994), "deliberate indifference" to a serious medical need exists "if [the prison official] knows that [the] inmate [ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id.  The deliberate indifference standard "is less stringent in cases involving a prisoner's medical needs than in other cases involving harm to incarcerated individuals because 'the State's responsibility to provide inmates with medical care does not conflict with competing administrative concerns." McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) (quoting Hudson v. McMillian, 503 U.S. 1, 6 (1992)), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

Specifically, a determination of "deliberate indifference" involves two elements:  (1) the seriousness of the prisoner's medical needs; and (2) the nature of the defendant's responses to those needs.  McGuckin, 974 F.2d at 1059.

First, a serious medical need exits if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104).  Examples of instances where a prisoner has a "serious" need for medical attention include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990).

Second, the nature of a defendant's response must be such that the defendant purposefully ignores or fails to respond to a prisoner's pain or possible medical need in order for "deliberate indifference" to be established.  McGuckin, 974 F.2d at 1060.  Deliberate indifference may occur when prison officials deny, delay or intentionally interfere with medical treatment, or may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir. 1988).  In order for deliberate indifference to be established, there must first be a purposeful act or failure to act on the part of the defendant and resulting harm.  See McGuckin, 974 F.2d at 1060.  "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be

3

1    established." <u>Id.</u>  Second, there must be resulting harm from the defendant's activities.  <u>Id.</u>  The

2    needless suffering of pain may be sufficient to demonstrate further harm.  <u>Clement v. Gomez</u>, 298

3    F.3d 898, 904 (9th Cir. 2002).

4         Plaintiff alleges that on October 4, 2017, he was transported in a wheelchair to California

5    State Prison-Solano ("CSP-Sol").  (ECF No. 1 at 5.)  Upon arrival at CSP-Sol, Nurse Bassi

6    provided plaintiff with a wheelchair to accommodate his disability.  (<u>Id.</u>)  Plaintiff describes his

7    disability as severe orthopedic lower extremity issues which make ambulation/weight bearing

8    excruciatingly painful.  (<u>Id.</u>)

9         Plaintiff alleges that on October 10, 2017, defendant Mayes denied plaintiff's request for a

10    wheelchair and instead gave plaintiff a cane.  (<u>Id.</u>)  Plaintiff alleges that defendant Mayes also

11    ignored his request for a four-wheeled walker.  (<u>Id.</u>)  Plaintiff told defendant Mayes that he could

12    not ambulate with a cane.  (<u>Id.</u>)  Defendant Mayes ignored plaintiff's concerns.  (<u>Id.</u>)  Plaintiff

13    hobbled on the cane to a nearby chair in the clinic and waited while Correctional Officer Webster

14    called for an IDAP (ADA) worker with a wheelchair to transport plaintiff back to his housing

15    unit.  (<u>Id.</u> at 6.)

16         Plaintiff alleges that without a wheelchair or walker, he was forced to suffer pain and risk

17    falling every time he needed to ambulate from the bed to the toilet area, water source, etc.  (<u>Id.</u>)

18         Later that day, plaintiff filed an Emergency 1824 request (ADA reasonable

19    accommodation request) setting forth his fall risk and requesting a four-wheeled walker.  (<u>Id.</u>)

20    Plaintiff received no response to this request.  (<u>Id.</u>)

21         On November 1, 2017, plaintiff fell and hurt his back.  (<u>Id.</u>)  Plaintiff was taken to the

22    TTA where Dr. Bentley ordered x-rays and the four-wheeled walker.  (<u>Id.</u>)  Plaintiff received the

23    walker on November 7, 2017.  (<u>Id.</u>)  Plaintiff had a follow-up appointment with defendant Mayes

24    on November 7, 2017 after receiving the walker.  (<u>Id.</u>)  At this follow-up appointment, defendant

25    Mayes took the walker away from plaintiff and said, "You can't have that, I didn't order that."

26    (<u>Id.</u>)  Defendant Mayes gave plaintiff a cane.  (<u>Id.</u>)  Plaintiff fell trying to leave the exam room.

27    (<u>Id.</u>)  Defendant Mayes offered plaintiff no pain medication for the injuries he suffered as a result

28    of this fall.  (<u>Id.</u> at 6-7.)

On November 14, 2017, Dr. Chen provided plaintiff with a four-wheeled walker.  (Id. at 7.)  On November 17, 2017, defendant Mayes took the walker away from plaintiff.  (Id.)  After defendant Mayes took the walker away, defendant Mejorado refused to call for an IDAP worker to safely transport back to his housing unit.  (Id.)  Defendant Mejorado ordered plaintiff to return to his housing unit using only his cane, despite plaintiff's insistence that he could not do so.  (Id.)  Plaintiff fell again just outside the clinic and was taken to the TTA.  (Id.)

At the TTA, plaintiff was seen by defendant Scott.  (Id.)  Defendant Scott denied plaintiff "any accommodation despite the now clearly established risk of further substantial harm."  (Id.)  During this evaluation, defendant Largoza "was observed instructing Scott in procedure and in possession of plaintiff's overdue 1824 RAP (reasonable accommodation panel) response."  (Id. at 7-8.)  Plaintiff was transported to his housing unit in a wheelchair and again left to struggle on his cane.  (Id. at 8.)

Plaintiff fell on November 25, 2017.  (Id.)  The medical responder, defendant Page, refused to transport plaintiff to the TTA for evaluation by a doctor.  (Id.)  Defendant Page told plaintiff that he would "just have to keep functioning the way you've been functioning."  (Id.)  Plaintiff alleges that defendant Page denied plaintiff the opportunity to "obtain safe accommodation."  (Id.)

On November 30, 2017, plaintiff filed a grievance alleging that he had not received a response to his Emergency 1824 request and that he had fallen five times due to lack of accommodation.  (Id.)  When plaintiff received the response to the Emergency 1824 request four days later, he discovered that on October 18, 2017, defendant Blackwell had marked "no" on the IAP worksheet section which asked if plaintiff had claimed any fall risk issues.  (Id.)  Plaintiff alleges that he clearly marked on the Emergency 1824 request that he had fall risk issues.  (Id.)  Plaintiff also alleges that defendant Largoza had written on the response, "Anticipated date to be seen 10/10/17," confirming that the Emergency 1824 request had been disregarded.  (Id.)

Plaintiff alleges that on December 5, 2017, defendant Mayes denied plaintiff's request for safe accommodation because "you're doing just fine on your cane, but don't fall here, that's not fair to me, I've got work to do."  (Id.)

1    Plaintiff fell on December 11, 2017, sustaining additional back injuries.  (Id. at 8-9.)

2    Plaintiff later received a permanent wheelchair accommodation and a permanent ADA

3    designation of DPO, which compelled his transfer to a DPP institution on February 28, 2018.

4    (Id.)

5    Plaintiff states a potentially colorable Eighth Amendment claim against defendant Mayes

6    based on his alleged denial of plaintiff's request for a wheelchair and four-wheeled walker on

7    October 10, 2017, his alleged removal of plaintiff's four-wheeled walker on November 7, 2017,

8    and November 17, 2017, and his alleged refusal to give plaintiff a walker or wheelchair on

9    December 5, 2017.

10    For the following reasons, the undersigned finds that plaintiff has not stated a potentially

11    colorable Eighth Amendment claim against defendant Mejorado.  As discussed above, plaintiff

12    alleges that on November 17, 2017, defendant Mayes took plaintiff's walker away.  Plaintiff

13    alleges that defendant Mejorado, a correctional officer, then refused to call an IDAP worker to

14    safely transport plaintiff back to his housing unit.  Defendant Mejorado ordered plaintiff to return

15    to his housing unit using his cane.  Plaintiff fell outside the clinic.

16    Defendant Mayes allegedly took away plaintiff's walker on November 17, 2017, not

17    defendant Mejorado.  When defendant Mejorado ordered plaintiff to return to his housing unit

18    using his cane, it appears that defendant Mejorado was complying with the decision made by

19    defendant Mayes, a medical doctor, that plaintiff did not require a wheelchair or four-wheeled

20    walker.  In other words, the allegations in plaintiff's complaint suggest that defendant Mejorado

21    did not know or understand that plaintiff had a serious medical need requiring him to use a

22    wheelchair because the doctor had not ordered a wheelchair for plaintiff.  Accordingly, plaintiff's

23    Eighth Amendment claim against defendant Mejorado is dismissed because plaintiff has not plead

24    sufficient facts demonstrating that defendant Mejorado acted with deliberate indifference.

25    The undersigned acknowledges that plaintiff alleges that on October 10, 2017,

26    Correctional Officer Webster called for an IDAP (ADA) worker to transport plaintiff back to his

27    housing unit in a wheelchair.  While these allegations suggest that defendant Mejorado could

28    have called an IDAP worker to transport plaintiff to his cell in a wheelchair, the undersigned does

6

1     not find that these allegations demonstrate that defendant Mejorado acted with deliberate

2     indifference on November 17, 2017, when he ordered plaintiff to return to his housing unit using

3     a cane.

4        Plaintiff alleges that after he fell on November 17, 2017, he was seen by defendant Scott

5     in the TTA.  Plaintiff alleges that defendant Scott denied him any accommodations.  The

6     undersigned reasonably infers from these allegations that defendant Scott did not order a

7     wheelchair or four-wheeled walker for plaintiff.  These allegations state a potentially colorable

8     Eighth Amendment claim against defendant Scott.

9        Regarding defendant Largoza, plaintiff alleges that on October 10, 2017, plaintiff filed the

10     Emergency 1824 request (ADA reasonable accommodation request) setting forth his fall risk and

11     requesting a four-wheeled walker.  Plaintiff alleges that on November 17, 2017, he saw defendant

12     Largoza in possession of the overdue response to the Emergency 1824 request.  Plaintiff alleges

13     that he did not receive the response to his Emergency 1824 request until December 4, 2017.

14     While the Emergency 1824 request was apparently denied, plaintiff does not allege that defendant

15     Largoza denied the request.

16        While defendant Largoza allegedly caused or contributed to the delay in plaintiff's receipt

17     of the response to his Emergency 1824 request, plaintiff has not plead sufficient facts

18     demonstrating that these acts by defendant Largoza caused plaintiff's harm, i.e., the denial of his

19     request for a four-wheeled walker (made in the Emergency 1824 request).  J.M.M. v. County of

20     Los Angeles, 2016 WL 11002595, at *16 (Oct. 3, 2016) (deliberate indifference must be cause of

21     injury).  In other words, it appears that even if plaintiff had received a timely response to his

22     Emergency 1824 request, his request for a four-wheeled walker would still have been denied.

23     Accordingly, the claims against defendant Largoza are dismissed.  If defendant Largoza actually

24     participated in the response to plaintiff's Emergency 1824 request, plaintiff may clarify this in an

25     amended complaint.

26        Regarding defendant Blackwell, plaintiff alleges that in the response to his Emergency

27     1824 request, defendant Blackwell falsely wrote "no" in the section of the worksheet asking if

28     plaintiff claimed any fall risks.  These allegations state a potentially colorable Eighth Amendment

claim.

Regarding defendant Page, plaintiff alleges that on November 25, 2017, defendant Page refused to take plaintiff to TTA for evaluation by a doctor after plaintiff fell.  These allegations state a potentially colorable Eighth Amendment claim for relief.

*Claim Two*

In claim two, plaintiff alleges violation of the American with Disabilities Act ("ADA") based on the allegations made in support of claim one.

Title II of the Americans with Disabilities Act (ADA) prohibits a public entity from discriminating against a qualified individual with a disability, 42 U.S.C. §§ 12131, et seq.  State prisons are public entities subject to the ADA.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 691 (9th Cir. 2001); <u>Pennsylvania Dep't of Corrections v. Yeskey</u>, 524 U.S. 206, 209 (1998)).  To state a claim of disability discrimination under Title II of the ADA, a plaintiff must plausibly allege that (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.  <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1265 (9th Cir. 2004).

To recover monetary damages under Title II of the ADA, a plaintiff must establish intentional discrimination.  <u>Ferguson v. City of Phoenix</u>, 157 F.3d 668, 674 (9th Cir. 1998) ("compensatory damages are not available under Title II ... absent a showing of discriminatory intent").  "Intentional discrimination" in this context involves "deliberate indifference" to a disabled person's need for an accommodation.  <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1138-39 (9th Cir. 2001). To establish deliberate indifference, a plaintiff must show the public entity had knowledge that an ADA violation was likely to occur, and that the public entity failed to act as a result of conduct involving an element of deliberateness.  <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1056 (9th Cir. 2002).

For the following reasons, the undersigned finds that plaintiff has stated a potentially

colorable ADA claim.  First, defendant CDCR is an appropriate defendant for plaintiff's ADA

claim.  Okwu v. McKim, 682 F.3d 841, 845 (9th Cir. 2012) (citations omitted) ("Title II

abrogates a state's Eleventh Amendment immunity."); see also Phiffer v. Columbia River Corr.

Inst., 384 F.3d 791, 792 (9th Cir. 2004) (per curiam) ("Our precedent clearly commands the

conclusion that the State is not entitled to Eleventh Amendment immunity under Title II of the

ADA." (citations omitted)).

Second, plaintiff alleges that he has a disability.  Third, the undersigned finds that plaintiff

has pled sufficient facts demonstrating that he was denied access to a program or activity based

on his disability.  Plaintiff alleges that without a wheelchair or walker, he suffered pain and risked

falling every time he needed to use the toilet or go to the water source.  See Armstrong v.

Schwarzegger, 622 F.3d 1058, 1068 (9th Cir. 2010) (use of toilets and bathing facilities are

programs or services under Title II).

The undersigned also finds that plaintiff has pled sufficient facts demonstrating that he

allegedly suffered intentional discrimination based on his claims that defendant Mayes repeatedly

denied plaintiff's requests for a four-wheeled walker despite plaintiff's history of falls, the denial

of plaintiff's request for accommodation by defendant Scott and the alleged falsification of

plaintiff's Emergency 1824 form by defendant Blackwell.  Duvall, 260 F.3d at 1141 ("When a

plaintiff brings a direct suit under either the Rehabilitation Act or Title II of the ADA against a

municipality (including a county), the public entity is liable for the vicarious acts of its

employees.").

*Conclusion*

Plaintiff may proceed forthwith to serve defendants CDCR, Mayes, Scott, Page and

Blackwell and pursue his claims against only these defendants, or he may delay serving any

defendant and attempt to state a cognizable claim against defendants Mejorado and Largoza.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against

defendants Mejorado and Largoza he has thirty days in which to do so.  He is not obligated to

amend his complaint.

If plaintiff elects to proceed forthwith against defendants CDCR, Mayes, Scott, Page and

Blackwell, against whom he has stated a potentially cognizable claim for relief, he shall return the attached notice within thirty days.  Following receipt of that notice, the court will order service of defendants CDCR, Mayes, Scott, Page and Blackwell.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must

1   not include any preambles, introductions, argument, speeches, explanations, stories, griping,

2   vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

3   Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

4   violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

5   (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

6   prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

7   pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

8   many defendants with unexplained, tenuous or implausible connection to the alleged

9   constitutional injury, or joining a series of unrelated claims against many defendants, very likely

10   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's

11   action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

12         A district court must construe a pro se pleading "liberally" to determine if it states a claim

13   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

14   opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

15   not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

16   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

17   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

18   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556

19   U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

20
21
22
23
24

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

25   Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

26   can provide the framework of a complaint, they must be supported by factual allegations, and are

27   not entitled to the assumption of truth.  Id. at 1950.

28         An amended complaint must be complete in itself without reference to any prior pleading.

1   Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

2   ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

3   existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

4   pleading is superseded.

5           By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

6   has evidentiary support for his allegations, and for violation of this rule the court may impose

7   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

8           A prisoner may bring no § 1983 action until he has exhausted such administrative

9   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v.

10  Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental

11  policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir]

12  welfare. . . ." Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC

13  form 602 that asks simply that the prisoner "describe the problem" and "action requested."

14  Therefore, this court ordinarily will review only claims against prison officials within the scope of

15  the problem reported in a CDC form 602 or an interview or claims that were or should have been

16  uncovered in the review promised by the department.

17          Accordingly, IT IS HEREBY ORDERED that:

18          1.  Claims against defendants Mejorado and Largoza are dismissed with leave to amend.

19  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state

20  cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

21          2.  The allegations in the pleading are sufficient to state a potentially cognizable claim

22  against defendants CDCR, Mayes, Scott, Page and Blackwell.  See 28 U.S.C. § 1915A.  If

23  plaintiff opts to proceed on his original complaint as to these defendants, he shall return the

24  attached notice within thirty days of service of this order.

25          3.  Failure to comply with this order will result in a recommendation that this action be

26  dismissed.

27  Dated:  May 16, 2022

28  Welk351.14

                                                    1

                                                    KENDALL J. NEWMAN
                                                    UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD JAMES WELK,                     No.  2: 22-cv-351 KJN P

12              Plaintiff,

13        v.                                 NOTICE

14   CDCR, et al.,

15              Defendants.

16

17

18   _____   Plaintiff opts to proceed with the original complaint as to defendants
             CDCR, Mayes, Scott, Page and Blackwell.
19           Plaintiff consents to the dismissal of defendants Mejorado and Largoza without
             prejudice.

20        OR

21   _____   Plaintiff opts to file an amended complaint and delay service of process.

22   DATED:

23                                           _____

24                                           Plaintiff

25

26

27

28

                                    1