UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JAMES WELK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | No. 2: 22-cv-0351 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On May 17, 2022, the undersigned granted plaintiff thirty days to file an amended complaint. (ECF No. 8.) Pending before the court is plaintiff's amended complaint filed September 14, 2022. (ECF No. 15.)

　　　　Named as defendants are the California Department of Corrections and Rehabilitation ("CDCR"), Robert Mayes, Wayne Scott, Nonato Largoza, Christy Page and D. Blackwell.

*Claim One*

　　　　Plaintiff alleges that defendant Mayes violated the Eighth Amendment on October 10, 2017, by failing to provide plaintiff with a four-wheeled walker and taking away plaintiff's wheelchair. Plaintiff alleges that defendant Mayes violated the Eighth Amendment on November 7, 2017, and November 17, 2017, by taking away plaintiff's walker. Plaintiff alleges that defendant Mayes violated the Eighth Amendment on December 5, 2017, by failing to provide

1

plaintiff with a walker.  These allegations state potentially colorable Eighth Amendment claims against defendant Mayes.

Plaintiff alleges that on November 17, 2017, plaintiff fell for the fourth time and was taken to see defendant Scott.  Plaintiff alleges that defendant Scott denied plaintiff "safe accommodation," i.e., a walker or wheelchair, despite the clearly established risk of further harm.  These allegations state a potentially colorable Eighth Amendment claim against defendant Scott.

Plaintiff alleges that he filed an Emergency 1824 (ADA reasonable accommodation request) after the October 10, 2017 appointment where defendant Mayes failed to provide plaintiff with a walker and removed plaintiff's wheelchair.  Plaintiff alleges that the Emergency 1824 form detailed plaintiff's "fall risk situation" and plaintiff's urgent need for an assistive device.  Plaintiff alleges that defendant Largoza was "highly instrumental" in the denial of plaintiff's Emergency 1824 because he was the only key medical official sitting on the decisive "Reasonable Accommodation Panel," and defendant Largoza wrote, "No walker needed," on plaintiff's disability verification process worksheet.  These allegations state a potentially colorable Eighth Amendment claim against defendant Largoza.

Plaintiff alleges that on November 25, 2017, he fell for a fifth time.  Plaintiff alleges that defendant Page, the medical responder, refused to take plaintiff to the TTA for exam/evaluation by a doctor and told plaintiff that he would "just have to keep functioning the way you've been functioning."  These allegations state a potentially colorable Eighth Amendment claim against defendant Page.

Plaintiff alleges that defendant Blackwell falsified the response to plaintiff's Emergency 1824 by marking "no" on the IAP worksheet section asking if plaintiff had claimed any fall risk issues.  Plaintiff alleges that he clearly claimed fall risk issues in the Emergency 1824.  These allegations state a potentially colorable Eighth Amendment claim against defendant Blackwell.

*Claim Two*

Plaintiff alleges that defendant CDCR violated the Americans with Disabilities Act ("ADA") by denying plaintiff a wheelchair and/or walker.  Plaintiff states a potentially colorable ADA claim against defendant CDCR.

*Claim Three*

In claim three, plaintiff alleges defendants conspired to violate his Eighth Amendment rights.

A conspiracy claim brought under Section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989)).

"To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted)).

In claim three, plaintiff alleges that he was housed at Avenal State Prison prior to his transfer to California State Prison-Solano ("CSP-Sol"), where the alleged deprivations occurred. Plaintiff alleges that his primary care provider at Avenal, Dr. Green, took away plaintiff's walker. Plaintiff alleges that immediately prior to plaintiff's transfer to CSP-Sol, Dr. Green stated, "we've taken steps" to see that plaintiff would not get his walker back at the institution where plaintiff was transferring. Plaintiff alleges that Dr. Green stated that "certain paperwork" would follow plaintiff to the new prison. Plaintiff alleges that he later obtained documentary evidence of this paperwork.

////

Plaintiff appears to claim that the conspiracy to deny him a walker originated with Dr. Green at Avenal, and that Dr. Green communicated this plan to defendants at CSP-Sol. However, plaintiff has not pled sufficient facts demonstrating that defendants Mayes, Largoza, Scott, Page and Blackwell knew of Dr. Green's plan to deny plaintiff a walker and agreed to participate in the conspiracy originating with Dr. Green. Plaintiff's claim that defendants conspired to deprive him of a walker is conclusory and speculative. Accordingly, plaintiff's conspiracy claim is dismissed.

Conclusion

In an abundance of caution, plaintiff is granted thirty days to file a second amended complaint addressing the defects discussed above regarding his conspiracy claim.[1] If plaintiff does not file a second amended complaint within that time, the undersigned will order service of the amended complaint as to claim one (defendants Mayes, Largoza, Scott, Page and Blackwell) and claim two (defendant CDCR).

If plaintiff files a second amended complaint, plaintiff is reminded that an amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Berndardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, the first amended complaint is superseded.

Accordingly, IT IS HEREBY ORDERED that plaintiff is granted thirty days from the date of this order to file a second amended complaint; if plaintiff does not file a second amended complaint within that time, the undersigned will order service of claims one and two raised in the first amended complaint.

Dated: October 11, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Welk351.ame

---

[1] Plaintiff did not raise a conspiracy claim in the original complaint.

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JAMES WELK,<br><br>          Plaintiff,<br><br>   v.<br><br>CDCR, et al.,<br><br>          Defendants. | No. 2: 22-cv-0351 KJN P<br><br><br>NOTICE |

    Plaintiff opts to proceed with the first amended complaint as to claim one (defendants Mayes, Largoza, Scott, Page and Blackwell) and claim two (defendant CDCR).

    Plaintiff consents to the dismissal of the conspiracy claim raised in the first amended complaint without prejudice. _____

OR

\_\_\_\_\_ Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

                                   _____
                                   Plaintiff

5